IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNNESEE
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH COOK, on behalf of herself and all similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 2:08-cv-2061-JPM-cgc |
| SHELBY COUNTY HEALTHCARE CORP., d/b/a/ THE REGIONAL MEDICAL CENTER, a/k/a/ THE MED, | ) ) ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendant Shelby County Healthcare Corp.'s (the "Med") Motion for Partial Summary Judgment (Docket Entry ("D.E.") 45), filed September 16, 2009.  Plaintiff Sarah Cook responded in opposition on October 30, 2009.  (D.E. 53.)  The Med filed a reply brief by leave of Court on November 10, 2009.  (D.E. 58.)  It is unnecessary to hold a hearing on this issue.  For the following reasons, the Court DENIES the Med's motion for partial summary judgment.

**I. Background**

This is a putative class action in which Plaintiff claims that the Med engaged in "balance billing" in violation of 42 U.S.C. § 1396a(a)(25)(c) and 42 U.S.C. § 1983.  (Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (D.E.

1

32) 2.)  Currently, however, only Sarah Cook is a plaintiff in this case.  Class certification discovery is ongoing (see D.E. 44), and no motion for class certification is before the Court.

The absence of a certified class notwithstanding, Defendant moves the Court to rule on the claims of potential class members.  In particular, the Med asks the Court to hold that, if the Court certifies a class in this matter, the claims of any class members that accrued prior to January 30, 2007 are untimely.[1]  (Def.'s Mot. for Partial Summ. J. (D.E. 45) 1.)

## II. Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."

---

[1] Defendant does not contest the timeliness of Plaintiff Sarah Cook's claims.

2

Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). However, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.'" Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

### III. Analysis

The Court cannot grant the relief that Defendant seeks. The Med asks the Court to rule on claims of individuals who are not now, and may never be, before the Court. Those individuals would not be bound by such a ruling because they are not parties

3

to this litigation.  See Taylor v. Sturgell, 128 S. Ct. 2161, 2175 (2008) (Absent a "limited" exception, "a litigant is not bound by a judgment to which she was not a party.") (citations omitted).  Although there is an exception for class actions, Taylor, 128 S. Ct. at 2172, the Court has not certified a class in this matter.

If the Court were to nonetheless rule on those individuals' claims, the Court would be issuing an advisory opinion.  See Christian Coal. of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) ("A ruling by us would not grant a party any meaningful relief, but rather would be an impermissible advisory opinion . . . ."); Holloway v. United States, 789 F.2d 1372, 1374 (9th Cir. 1986) (where the individual against whom relief is sought cannot be bound by a ruling, the ruling amounts to an advisory opinion).  The Constitution forbids this.  Mu Ju Li v. Mukasey, 515 F.3d 575, 579 (6th Cir. 2009).  Accordingly, Defendant's motion for partial summary judgment is DENIED.

IT IS SO ORDERED this 18th day of November, 2009.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE